**DOCKETED**
MAR 0 5 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 0 4 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ROY C. SHRADER, JR. and CHARLES P. BURNS, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | No. 02 C 8668 |
| ) | |
| BP CORPORATION NORTH AMERICA, INC. and BP AMERICA INC. MASTER HOURLY PLAN FOR REPRESENTED EMPLOYEES, ) ) ) ) ) | Honorable Rebecca R. Pallmeyer |
| Defendants. ) | |

### NOTICE OF FILING

To: Michael Weinbaum, Esq.
Law Department
BP America, Inc.
200 East Randolph
Chicago, Illinois 60601

PLEASE TAKE NOTICE that on Tuesday, March 4, 2003, the undersigned caused to be filed with the Clerk, United States District Court, Amended Class Action Complaint, a copy of which is attached herewith and served upon you.

_____
One of the Attorneys for Plaintiffs

Arthur T. Susman
Charles R. Watkins
John R. Wylie
SUSMAN & WATKINS
Two First National Plaza, Suite 600
Chicago, Illinois 60603
(312) 346-3466

Allen C. Engerman
LAW OFFICE OF ALLEN ENGERMAN
666 Dundee Road
Suite 1200
Northbrook, Illinois 60062
(847) 564-5555

Dated: March 4, 2003



DOCKETED
MAR 0 5 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
MAR 0 4 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROY C. SHRADER, JR. and CHARLES P. BURNS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BP CORPORATION NORTH AMERICA, INC. and BP AMERICA INC. MASTER HOURLY PLAN FOR REPRESENTED EMPLOYEES,

Defendants.

No. 02 C 8668

JURY TRIAL DEMANDED

**AMENDED CLASS ACTION COMPLAINT**

**Summary of the Action**

1. Plaintiffs bring this class action on behalf of themselves and all participants in retirement plans sponsored by or affiliated with BP America, Inc., its predecessors or successors, including without limitation the BP America, Inc. Master Hourly Plan for Represented Employees, who, upon the early termination of their employment, received miscomputed and lower lump sum retirement benefits than they were due under their plan. These miscomputations were the result of, *inter alia*, defendants' failure to properly calculate, apply and pay the present value of each Class member's normal retirement benefit ("alternative minimum lump sum") and constitute a violation of the relevant pension plan documents and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*. Defendants have admitted their error(s) yet still fail to make proper pension distributions.

9

2. Plaintiffs also assert ERISA claims of breach of fiduciary duty and breach of contract, federal common law restitution and equitable relief, and federal common law negligent misrepresentation. Plaintiffs seek on their own behalf and on behalf of all Class members all relief to which they are entitled including, without limitation, benefits, and restitutionary, equitable, monetary, declaratory, and injunctive relief.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to Sections 1332 and 1361 of the Judicial Code, 28 U.S.C. §§1332 & 1361, and Sections 1132(e) and (f) of ERISA, 29 U.S.C. §1132(e) & (f), and under principles of supplemental jurisdiction.

4. Venue is proper in this district pursuant to Section 1391 of the Judicial Code, 28 U.S.C. §1391, and Section 1132(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

### The Parties

**Plaintiffs**

5. Plaintiff Roy C. Shrader, Jr. was employed by BP Corporation North America, Inc. ("BPCNA") at its refinery in Lima, Ohio until August 1998. Mr. Shrader was a member of and represented by the Oil, Chemical and Atomic Workers International union, AFL-CIO ("OCAW") and its Local No. 7-624. Mr. Shrader was a vested participant in the BP Oil Master Hourly Plan for Represented Employees ("Plan") within the meaning of 29 U.S.C. §1002(7). Upon termination, he received a lump sum benefit.

6. Plaintiff Charles P. Burns was employed by BPCNA at its Marcus Hook, Pennsylvania refinery until January 31, 1996. Mr. Burns was a member of and represented by OCAW and its Local

No. 8-234. Mr. Burns was a vested participant in the Plan within the meaning of 29 U.S.C. §1002(7). Upon termination, he received a lump sum benefit.

**Defendants**

7. Defendant BPCNA is a corporation headquartered in Chicago, Illinois, and engaged in the oil business. It sponsored and operated the Plan and on information and belief other, similarly structured plans.

8. Defendant Plan is an employee pension benefit plan within the meaning of 29 U.S.C. §1002(2), which BPCNA maintained for the benefit of its former employees, including those at its Lima and Marcus Hook facilities. The Plan is a pension plan qualified under 26 U.S.C. §401(a) and included trusts exempt from taxation under 26 U.S.C. §501(a).

## Statement of Facts

**Plaintiff Shrader**

9. In August 1998, BPCNA sold its Lima Refinery, and terminated its employees represented by OCAW Local No. 7-624.

10. On August 10, 1998, the Plan was amended in such a manner as to fully vest all Plan Participants from the Lima Refinery in all accrued benefits. As a result, each such Plan Participant was eligible to start receiving benefits in September 1998.

11. The Plan was also amended with respect to Plan Participants under age 50 as of August 10, 1998, such that if they retired early, their normal retirement benefit would be reduced according to actuarial figures listed in Exhibit 1 to Appendix N of the Plan, and that any lump sum distribution to such Plan Participant would be calculated using the assumption that the benefit would

3

be payable deferred to the later of age 55 and the Plan Participant's age on the Benefit Commencement Date.

12. Section S of Appendix N of the Plan also provided for calculation of an alternative lump sum measure, that is, the actuarial present value of the Plan participant's annual normal retirement benefit ("alternative minimum lump sum benefit").

13. Plaintiffs and the Class were to be paid the greater of the amount calculated according to the August 10, 1998 Amendment and the alternative minimum lump sum benefit.

14. Despite the Plan's requirement to make, and if appropriate make payments pursuant to, the latter calculation, the Plan Administrator failed to calculate the alternative minimum lump sum benefit. In plaintiff Shrader's case and upon information and belief the case of each other Class member from the Lima Refinery, that amount was greater than the amount calculated according to the August 10, 1998 Plan amendment.

15. For example, based on the proper calculations and the provisions of ERISA, and without any adjustment for interest, plaintiff Shrader was paid $25,191.43, but he should have received $31,288.98, and thus was underpaid $6,097.44.

**Plaintiff Burns**

16. A similar miscalculation was made for plaintiff Burns. Based on proper calculations and the provisions of ERISA, and without any adjustment for interest, plaintiff Burns was paid $47,990, but he should have received $60,235, and thus was underpaid $12,245.

17. Upon information and belief, other participants in plans sponsored by or affiliated with BPCNA were subject to similarly systematic miscomputations and underpayments.

18. Prior to the initiation of this action, plaintiffs and the Class did not and could not with the exercise of reasonable diligence determine that their benefits, if properly calculated, should have been higher than the amount they were paid. Prior to the initiation of this action defendants concealed the improper nature of the benefit calculations.

19. Plaintiffs and members of the Class could not reasonably have discovered that the defendants had failed to make the alternative minimum lump sum benefit calculation, and therefore, to their detriment, accepted such incorrect payments without further action.

20. Plaintiffs have formally requested that defendants recalculate and pay their benefits using the correct benefit formula and have exhausted all administrative, contractual and other claim and appeal procedures applicable to them. In contravention of the Plan, ERISA, federal common law, and applicable state law, defendants have refused to provide any relief. This is so despite the fact that during the administrative phase, defendants admitted that at least plaintiff Shrader was entitled to more benefits.

### Class Action Allegations

21. Pursuant to Rule 23, Fed.R.Civ.P., plaintiffs bring this action on behalf of themselves and the following Class:

> All persons who are or were participants in the Plan or any other plans sponsored by or affiliated with BP Corporation North America, Inc., or its predecessors or successors, and whose benefits were or will be adversely affected by the defendants' failure to calculate each participant's alternative minimum lump sum benefit as set forth herein.

22. The members of the Class number at least in the hundreds. The Class is sufficiently numerous that joinder of all members is impracticable. Class members are dispersed throughout the United States and, while the amounts of their damages are significant to them, these amounts are too

small to warrant individual lawsuits. Hundreds of individual suits would impose an undue burden on the courts.

23. Common questions of law and fact exist including, but not limited to, the following:

(A) whether defendants paid plaintiffs and the Class the proper amount of their lump sum benefits as called for in the Plan or plans;

(B) whether Class members reasonably relied on or were injured by defendants' failure to make proper calculations as called for in the Plan or plans;

(C) whether plaintiffs and other Class members were paid benefits in accordance with ERISA and the Plan or plans; and

(D) whether the defendants' conduct constitutes violations of ERISA, breaches of fiduciary duty, breach of contract or conversion.

24. The only individual question affecting members of the Class is the precise amount to which each Class member is entitled, which can be computed simply by recalculating each Class member's benefits using the correct methodology and determining the difference between that amount and the amount previously paid.

25. The claims of the representative plaintiffs are typical of the claims of the Class.

26. Plaintiffs will fairly and adequately protect the interests of the Class. The plaintiffs' interests are consistent with those of the members of the Class. Plaintiffs are represented by experienced and able counsel knowledgeable with respect to the provisions of ERISA and whose firms have successfully represented plaintiff classes throughout the United States, including prosecution of ERISA class actions.

27. Common questions of law or fact predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to the Class members.

## Equitable Tolling and Fraudulent Concealment

29. In addition to the matters alleged above, defendants' tender of pension payments to plaintiffs and the Class constituted affirmative representations that the amount(s) of such payments were correctly calculated and in full compliance with ERISA and the plans.

30. Defendants omitted to state, in any way that Class members could reasonably have understood, information that would have enabled Class members to determine that their benefits were improperly calculated.

31. As alleged above, such omissions and affirmative representations were material and false, since benefit payments to plaintiffs and the Class were incorrectly calculated and were in violation of ERISA and the plans.

32. Pursuant to 29 U.S.C. §1104, defendants are fiduciaries, and therefore owed to plaintiffs and the Class a fiduciary duty of care and to disclose to plaintiffs and the Class all material facts relating to the accrual and calculation of benefits. Defendants breached these duties.

33. At all times relevant hereto, defendants knowingly, recklessly or negligently failed to inform, and actively concealed from plaintiffs and the Class, the following material facts, *inter alia*, relating to the calculation of their benefits:

> (A) the fact that defendants had failed to calculate each Class member's alternative minimum lump sum benefit;

7

(B) the fact that the alternative minimum lump sum benefit was higher than the amount each Class member was paid and that failure to pay the higher amount was in violation of ERISA and the plans; and

(C) the fact that plaintiffs and the Class had a cause of action for the illegal benefit methodology.

34. Plaintiffs and the Class did not know, and could not in the exercise of reasonable diligence have discovered, *inter alia*:

(A) that the defendants' calculation of benefits was incorrect and in violation of ERISA and the plans; and

(B) that plaintiffs and the Class therefore had a cause of action against defendants for the violations herein described. This is so notwithstanding the defendants' legal duties to ensure that participants had full information in this regard, and to ensure that participants were not misled or deceived.

35. In reasonable reliance on and as a result of the misrepresentations and omissions of defendants, and as a result of defendants' misconduct, plaintiffs and the Class believed that their pension benefit payments were correct and in compliance with ERISA and the plans, and, to their detriment, refrained from taking earlier action to obtain the full benefit accruals or payments to which they were entitled.

36. Plaintiffs and the Class did not discover, and, in the exercise of reasonable diligence, could not discover, the violations herein described until the later of on or after the time they filed their internal claims, or the filing hereof.

## COUNT I

### AGAINST ALL DEFENDANTS -- VIOLATIONS OF ERISA

37. The allegations of all other paragraphs hereof are incorporated by reference as if fully set forth.

38. BPCNA and the Plan or plans acted together and jointly, and caused the actions of each other, and are liable therefor.

39. The actions of defendants constitute violations of ERISA, 29 U.S.C. §1001, *et seq.*, in that defendants have accrued and paid benefits to plaintiffs and the Class in amounts which are other than and less than required by the plans and, thus, by ERISA.

40. As a direct, proximate and foreseeable result of defendants' violations of the plans and ERISA, plaintiffs and the Class have been damaged or are entitled to equitable, restitutionary and other relief as set forth below.

## COUNT II

### AGAINST ALL DEFENDANTS -- BREACH OF FIDUCIARY DUTY WITH RESPECT TO BENEFITS PAYMENTS

41. The allegations of all other paragraphs hereof are incorporated by reference as if fully set forth.

42. Each of the defendants caused the actions of the others, each aided and abetted and acted in concert with the others, and each defendant is liable for the actions of the others.

43. The actions of defendants described herein constitute a breach of their fiduciary duties to plaintiffs and the Class, in violation of 29 U.S.C. §1004, including, but not limited to, the following:

9

(A) Defendant BPCNA violated the "exclusive benefit rule" and operated the Plan or plans for its own benefit, not for the exclusive purpose of providing benefits to plaintiffs and the Class;

(B) Defendants provided inaccurate information to plaintiffs and the Class members about the calculation of benefits;

(C) Defendants miscalculated and underpaid benefits to plaintiffs and the Class;

(D) Defendants failed to retain and monitor competent actuaries and administrators to calculate proper benefits;

(E) Defendants failed to properly monitor and supervise the actuaries or other persons having responsibility for making benefit calculations, and to ensure their competence and compliance with ERISA and the Plan or plans;

(F) Defendants failed to retain and follow the advice of competent legal counsel regarding the requirements of ERISA and the Plan or plans;

(G) Defendants failed to properly monitor legal counsel to ensure competence and compliance with ERISA and the Plan or plans;

(H) Defendants failed to properly inform themselves of and monitor the payment of benefits under the plans so as to ensure that such payments were being made in accordance with ERISA and the Plan or plans;

(I) Defendants failed to properly communicate with the plaintiffs and the Class regarding the methodology used to calculate benefits under the Plan or plans and failed to timely inform plaintiffs and the Class about the improper methodology being employed;

(J) Defendants failed to read and understand the Plan or plans;

(K) Defendants failed to compare the methodology used to calculate benefits with the Plan or plans to ensure that said methodology was in conformity with ERISA and the Plan or plans; and

(L) Defendants failed to properly communicate to plaintiffs and the Class that their benefits were not in conformity with ERISA and the Plan or plans.

10

44. As a direct, proximate and foreseeable result of defendants' breaches of their fiduciary duties, plaintiffs and the Class have been damaged or are entitled to equitable, restitutionary and other relief as set forth below.

## COUNT III

### AGAINST THE PLAN AND BPCNA – FEDERAL COMMON LAW BREACH OF CONTRACT, FAILURE TO PAY REQUIRED BENEFITS

45. The allegations of all other paragraphs hereof are incorporated by reference as if fully set forth.

46. The actions of defendants in failing and refusing to pay benefits as required by the plans, including the Plan, in failing and refusing to return and refund to plaintiffs and the Class the funds which defendants are or were holding in trust for them, in depriving plaintiffs of benefits due to them and in interfering with plaintiffs' rights to collect and obtain benefits due them, give rise to rights on the part of plaintiffs and the Class to equitable remedies including disgorgement, accounting for monies misappropriated and a refund of monies due to plaintiffs and the Class.

## COUNT IV

### AGAINST ALL DEFENDANTS -- INJUNCTIVE RELIEF

47. The allegations of all other paragraphs hereof are incorporated by reference as if fully set forth.

48. The defendants have acted and are acting in concert with one another in connection with the actions alleged herein.

11

49. Based on the defendants' continued and systematic failure and refusal to follow ERISA and the plans, Class members, who have not yet received all benefit payments which they should have been paid, are entitled to an injunction, declaration and order requiring defendants to accrue, compute and pay them benefits due under the plans and in accordance with the plans.

50. Plaintiffs have no adequate remedy at law and will suffer irreparable harm unless the defendants are enjoined to follow the Plan or plans in respect to the payments of benefits, and enjoined from further conduct in violation and derogation of the Plan or plans and the Class's rights thereunder.

## COUNT V

## AGAINST ALL DEFENDANTS --
## FEDERAL COMMON LAW NEGLIGENT MISREPRESENTATION

51. The allegations of all other paragraphs hereof are incorporated by reference as if fully set forth.

52. The defendants have acted and are acting in concert with one another in connection with the actions alleged herein.

53. Defendants have and had a duty to provide complete and accurate information about the Plan or plans and pension benefits paid pursuant to the Plan or plans. Defendants are in the business of supplying information about their pensions to employees.

54. Defendants falsely represented to plaintiffs and the Class that the lump sum payments they received were calculated in conformity with plan documents and that benefits had been legally computed.

55. Defendants' false representations were material.

56. These representations were negligently made by defendants and without reasonable grounds to believe that they were true, correct and in full compliance with ERISA and the Plan or plans.

57. Plaintiffs and the Class, at the time these representations were made, did not know the truth, namely that the alternative minimum lump sum benefit had not been calculated and that lump sum benefits paid to plaintiffs and the Class were calculated incorrectly and in violation of ERISA and the plans, but believed defendants' representations to be true, reasonably relied upon them and were thereby induced to accept illegally low pension benefits without further action.

58. As a direct, proximate and foreseeable result of the foregoing, plaintiffs and the Class have been damaged or are entitled to equitable or restitutionary relief as set forth below.

### Damages Suffered By Plaintiffs And The Class and/or Relief To Which They Are Entitled

59. As a direct, proximate and foreseeable result of the wrongful actions and omissions of defendants, plaintiffs and the members of the Class have suffered injuries and are entitled to equitable, restitutionary or other relief by reason of, but not limited to, the following:

    (A) Loss of accrued and vested benefits;

    (B) Loss of interest on such sums;

    (C) Injunctive and declaratory relief;

    (D) Counsel fees and costs incurred in connection with the litigation of this matter.

## Relief Requested

WHEREFORE, plaintiffs, on behalf of themselves and the Class, pray for judgment as follows:

- (A) Declaring this action to be a proper class action maintainable pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure on behalf of the class defined herein and declaring plaintiffs to be proper class representatives and their counsel to be class counsel;

- (B) Awarding plaintiffs and the Class members equitable, restitutionary or other relief or the damages determined to have been sustained by each of them respectively and that judgment be entered against the defendants jointly and severally;

- (C) Awarding plaintiffs and the Class members expenses, costs, expert witness and counsel fees, as well as prejudgment and post-judgment interest; and

- (D) Awarding such other relief as is just and appropriate.

14

## Jury Demand

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable of right by jury.

Dated: Chicago, Illinois
March 4, 2003

SUSMAN & WATKINS

By: _____
Arthur T. Susman, Esq.
Charles R. Watkins, Esq.
John R. Wylie
SUSMAN & WATKINS
Two First National Plaza
Suite 600
Chicago, Illinois 60603
(312) 346-3466

Allen C. Engerman, P.C.
666 Dundee Road
Suite 1200
Northbrook, Illinois 60062
(847) 564-1111

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true copy of the foregoing Amended Class Action Complaint to be served upon:

>Michael Weinbaum, Esq.
>Law Department
>BP America, Inc.
>200 East Randolph
>Chicago, Illinois 60601

by depositing same in the United States mail at Two First National Plaza, Chicago, Illinois, proper postage prepaid, this 4th day of March, 2003 before the hour of 5:00 p.m.

_____
John R. Wylie